### STIPULATION CONCERNING JOINT USE OF DRIVEWAY CONSTRUED.

Circuit Court of Cuyahoga County.

WASHINGTON W. BOYNTON v. MAX STRAUSS AND CLAYTON STRAUSS.*

Decided, September 23, 1908.

1. Reformation of a written instrument can only be had on the production of clear and convincing evidence of the intention of the parties and of the mutuality of that intention with regard to some phase of their contract which their writing fails properly to express.
2. In construing a written instrument which is open to more than one interpretation such effect will be given to it as the conduct of the parties at the time of its execution indicates they intended it should have.

*Norton T. Horr* and *Stroup & Fauver*, for plaintiff in error.
*Webber, Wilford & Gillie*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is an appeal from the judgment of the common pleas court and the facts as disclosed in evidence before us show that the plaintiff purchased from Max Strauss, one of the defendants,

---

*Affirmed withiut opinion, *Boynton* v. *Strauss*, 82 Ohio State, 409.

the north half, substantially, of a parcel of land owned by Mr. Strauss on the west side of Washington avenue, in the city of Elyria, and in making that purchase a stipulation was contained in the instrument of conveyance concerning the joint use of a driveway. The driveway may perhaps be regarded as either a horseshoe carriage way, starting in at Washington avenue and going around to the rear of the premises and back again to Washington avenue by another entrance, or it may be regarded as being two driveways.

Nearly all of this horseshoe driveway is located upon the premises which the vendor retained, the south half of the entire parcel of land. It begins near the boundary line between the portion which he retained and the portion which he sold to the plaintiff; continues in a serpentine course westward, crossing the boundary line part way to the rear of the premises; continues on the part that was sold to the plaintiff and then crosses the boundary line between the parties and circles around the defendant's house, returning again to Washington avenue.

At the time of the sale and since the sale these two driveways (if they were two), or one driveway, if it be so regarded, constituted a means of continuous passage from either entrance on Washington avenue around to the other entrance or exit on the same street.

It should be said that at the time of the sale there were two houses upon the entire parcel, two residences, the south one of which is occupied still by the vendor, Mr. Strauss, the defendant here, or his family, he having since conveyed it by gift to his son, who lives with him; and the house upon the northern portion of the entire piece of land is now occupied by the plaintiff, the vendee, who purchased that portion of the premises from the defendant.

The provision in the deed upon this subject of the driveway is quite extensive and I shall quote it in full, because it is necessary to construe the language:

"The drive or carriage way to remain as now existing and located, a part of which passes from Washington avenue to the land of the grantor lying south of the land above described and thereby conveyed and for a short distance on said grantor's land

when the said drive or carriage way passes on the land hereby
conveyed to said grantee, to be used in common between the
two places for a carriage or driveway, and said grantor conveys
to said grantee 'said use of the parcel on his land covered by
said driveway south of that hereby conveyed, and reserves the
right to use for passage and repassage the remaining portion of
said driveway on the land hereby conveyed.   The corners of said
driveway at Washington avenue to be marked by stones or iron
piping sunk in the ground, as also the Washington avenue cor-
ners of the lot hereby conveyed with the corner on the east line
one hundred feet north of the south line as above described.''

Now the controversy which makes necessary a construction of
this language is substantially this:   For a long period after
the conveyance was made the parties and those who did business
with them seem to have used indifferently the whole or such
part of this driveway or parts of it as they chose.   The plaint-
iff, after he purchased the northern half of the property, built
a barn in the rear of the residence thereon and in the construc-
tion of that barn the wagons by which the material was hauled
were accustomed to pass over that part of the driveway which
lies south of the Strauss land and across the boundary line be-
tween the two parties over into the parcel which the defendant
sold to the plaintiff and on which the new barn was being con-
structed.   Delivery men and others have used the entire drive-
way, if they chose to do so, making the complete circuit of the
horseshoe.   At the time the conveyance was made, it should be
stated that there was no means, convenient at least, for anyone
to drive in at one entrance and turn around so as to come out
at the same entrance.   Certainly there was no such place or
means convenient to be used upon the plaintiff's portion of the
entire tract.   Since that time he has in front of his barn, pro-
vided a suitable place for turning around, so that one may drive
on that part of the driveway between the two houses coming in
at Washington avenue and drive up to the plaintiff's barn and
turn around and come out again by the same way.

It is urged on behalf of the plaintiff, who claims still the right
to make the complete circuit, that he has an easement in the en-
tire horseshoe driveway, or of all that part of it, being the major
part, of course, which is located upon the vendor's land, which

Mr. Strauss' son still owns, and Mr. Strauss having seen fit, for purposes of his own, to block up the southernmost portion of that driveway so that it can not now be used, this action is brought to vindicate the plaintiff's alleged right to use by way of easement appurtenant to the land purchased by him the entire horseshoe driveway. It is vigorously claimed in his behalf that such use of the entire driveway physically connected with the residence property which he purchased from the defendant would, as a matter of law, and as an easement appurtenant to the land purchased, pass to him when he bought, and that such was his common law right under the circumstances as they then existed.

But we need not give consideration to that contention, for, as we look at it, the parties have themselves attempted to define in this instrument of conveyance precisely and exactly what their rights are. They have not left them unexpressed, and to the determination of the law as it may be applicable to the physical facts and the circumstances of the parties and their relations, but they have attempted to define them, and that definition supersedes whatever common law rights might have existed if they had given no such expression to their intention. The deed of conveyance, it may be remarked, was written, by the purchaser, the plaintiff, as the scrivener. He dictated that part of it which I have read and quoted, to a stenographer, who as he dictated it, wrote it upon a typewriter (for that portion of the deed is in typewriting), and directly thereafter he or some one in the presence of both the vendor and the vendee read it to Mr. Strauss, the vendor, and it was thereupon signed, witnessed, and acknowledged and by the plaintiff put upon record.

It is claimed that if this deed and the express provisions with regard to the driveway therein contained are insufficient to support the claim made by the plaintiff of an easement in the entire driveway, the complete circuit or horseshoe, he is entitled to a decree upon the evidence here to reform the deed in such manner as that it will definitely and clearly express the intention which he claims to have been the mutual intention expressed between the parties in the negotiations leading up to the purchase.

Upon that subject the testimony is somewhat conflicting. The plaintiff testifies that in the conversations leading up to the pur-

chase between him and the defendant, the vendor, mention was made of the entire driveway, the whole horseshoe, and mention was made of it as being a convenient means to enable guests of either of the parties, should they have a reception at either of their respective homes, to drive from Washington avenue by one entrance and obtain an exit by the other, and that it was contemplated by both the vendor and the vendee expressly in those conversations that both parties should have the use of the entire driveway.    The wife of the plaintiff here corroborates, in some degree at least, perhaps wholly, the statement of her husband in regard to that matter.    On the other hand, the defendant, Max Strauss, declares, and he is to some extent corroborated by his daughter-in-law who was present at some of the conversations at least, that no mention whatever was made of that portion of the driveway which is now in dispute and that the only reference to the driveway which is not in dispute made in the conversations between the parties was a reference to the portion which lay between the houses physically.

The rule of evidence with regard to the reformation of a written instrument for mistake is well known in this state by repeated decisions of our court of last resort to be that such reformation can only be had on the production of clear and convincing evidence of the intention of the parties and of the mutuality of that intention with regard to some phase of their contract which their writing fails properly to express; and in this state of the evidence in the case before us, applying that rule, in view of the irreconcilable conflict in the testimony of the parties, we are unable, if such relief be required in this case, to afford it. There can be no reformation, because the evidence does not clearly and convincingly indicate that the parties both intended that the deed should have expressed clearly and plainly that the entire circuit was to be used by both of right.    If such expression is not contained in the language of the deed itself the plaintiff must fail, therefore.

Recurring now to the language of the deed, at first sight it appears that the driveway as intended by the parties and described in the deed is the sinuous or serpentine driveway between the houses, for it must be admitted that so far as the driveway

is described in terms the description relates only to that part of the driveway.  But it is said that the language used by way of description of this portion of the driveway, is, by the express terms used, applicable only to a part of the whole driveway, in all of which an easement is expressly conveyed; and I will re-read the language giving the expression to that view:

"The drive or carriage way to remain as now existing and located."  *   *   *

It is now suggested that the force and effect of that comma is to begin a parenthesis, and there is not any further punctuation until the end of the parenthesis as suggested, to be presently indicated; "a part of which passes from Washington avenue to the land of the grantor lying south of the land above described and hereby conveyed and for a short distance on said grantor's land when the said drive or carriage way passes on the land hereby conveyed to said grantee,"  *   *   *.

And this latter comma, it is suggested, amounts virtually to the end of a parenthesis describing a part of the driveway, the whole of which the language of the deed is said to convey.  And then the language of the deed proceeds: "to be used in common between the two places for a carriage or driveway,"  *   *   *.

If we went no farther than this, if the deed contained no other language with reference to the driveway than what I have just now re-read, the suggestion having reference to the punctuation as thus pointed out, might indeed have some force.  It might indicate that the driveway, which was, as it then existed, convenient to be used only in complete circuit, was intended to be so described as to give the vendee an easement in all of the entire circuit which was not upon the land purchased by him. Proceeding further, however, with the re-reading of this description, there are some very significant words which, in our judgment, qualify what goes before: "and said grantor conveys to said grantee said use of the parcel on his said land covered by said driveway south of that hereby conveyed, and reserves the right to use for passage and repassage the remaining portion of said driveway on the land hereby conveyed."

Now, it is manifest that if the plaintiff's contention is true, there are two parcels of the driveway on the defendant's land

in which he claims an easement, and yet the word ''parcel'' in the singular is used. . I may recall to attention the fact that the driveway starts in on the defendant's land, passes over to the plaintiff's land, repasses to the defendants' land and back out on Washington avenue, so that there are two parcels on the defendant's land in which the plaintiff claims an easement, and yet the language of the deed specifically refers to but one such parcel in which an easement is conveyed to him. But going still further:

''The corners of said driveway at Washington avenue to be marked by stones or iron piping sunk in the ground, as also the Washington avenue corners of the lot hereby conveyed with the corner on the east line one hundred feet north of the south line as above described.''

Immediately upon the completion of this purchase the parties employed surveyors and one of those surveyors, the one, perhaps, employed by the vendor, went forward with the work of establishing the boundary lines between the two parcels and establishing the corners of the driveway. Iron pipes were placed in the ground and they are there now, as indicated by the evidence, to mark the boundary line between the two properties and to mark the two sides of the one entrance of the driveway which is nearest that boundary line, but there are no iron pipes at the other entrance.

It is said it was immaterial to the plaintiff here where the other entrance was to be located, just so there was another entrance; but it was very material to him where the entrance nearest his property was to be fixed, because the line between them was near certain shade trees which it was very desirable that they should retain and it was very important that the driveway in its serpentine course should be fixed in such manner that the parties would know where it was located. This might take away some of the force of the inference which we draw from the acts of the parties in omitting to put iron pipes at the other entrance to the driveway; and yet, considering all of the language of the deed with reference to the driveway, and considering not alone what the intention of the scrivener, the purchaser, the plaintiff,

was, when he drew the deed, but also the idea which the vendor, the defendant Strauss, would gain from this language, we are constrained to interpret it as meaning what he says it did mean to him, viz; that the driveway or that portion of it physically between the two houses was the part in which the easement so far as that driveway lay upon the vendor's land was conveyed to the vendee.

The word "between" in the sentence "to be used in common between the two places for carriage or driveway" is of course, equivocal. It may mean physically between the two houses, between the two parcels, or it may be between in the sense of in common between the two proprietors. That is not convincing, but the singular number of the word "parcel" and the fact that only one of the two entrances was immediately staked off with iron pipes, the fact, too, that the description of a portion, the serpentine portion of the driveway physically between the houses, at first glance and without the construction by way of interpolated parenthesis, would convey to the casual reader the idea that only the serpentine portion between the two houses was intended to be described and conveyed leads us to the conclusion that Mr. Strauss might well have believed, as anyone would naturally infer, that this alone was included; and the parties, therefore, must be held to have meant by the language which they used only that part of the driveway which lies physically between the two houses.

The petition will therefore be dismissed.

I ought to say that the very learned and carefully prepared printed brief of the plaintiff has been of service to us in presenting fully his contention, and we think we have not missed his view; but we do not concur in it.